KURRASCH v. KUNZE REALTY CO.

1. Receivers—Authority to Employ Legal Counsel—Allowance for Services—Evidence—Court's Personal Knowledge.

Allowance of $200 for legal services rendered by receiver's attorney is affirmed where, although receiver had engaged legal counsel without having previously secured authority of the court and had not proved the value of such services for which he claimed $475, attorney had contributed valuable time and service in the closing of the estate and the court had personal knowledge of the character and value of such services.

2. Appeal and Error—Receivers—Allowance of Account—Expenditures—Discretion of Court.

Whether certain charges in receiver's account were proper and reasonable was within the discretion of the court passing upon the account and whether the accounts for expenditures are padded, or truthful, is for the determination of the court.

3. Same—Allowance of Receiver's Accounts—Discretion of Court—Presumptions.

The allowance of fees and expenses in a receivership, like all questions of costs in courts of equity, is largely a discretionary matter, and the action of the trial court is treated as presumptively correct since it has far better means of knowing what is just and reasonable than an appellate court can have.

4. Same—Receiver's Accounts—Discretion of Court—Evidence.

Order allowing certain items and disallowing certain other items of receiver's final account is affirmed, notwithstanding corporation's claim that receiver was to serve without remuneration and certain expenses had been incurred without court authorization, where evidence does not justify substitution of judgment of Supreme Court for that of the trial court on the controverted issues.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 23, 1940. (Docket No. 93, Calendar No. 41,135.) Decided January 6, 1941.

Herbert A. Kurrasch, administrator *de bonis non* of the estate of Theodore Kunze, deceased, against Kunze Realty Company, a Michigan corporation, for an accounting, appointment of receiver, an injunction, and other relief. Edwin G. Kunze appointed receiver. From order disallowing certain items of receiver's final account, receiver appeals. Defendant cross-appeals. Affirmed.

*John F. Jordan,* for receiver.

*Arnold F. Zeleznik,* for defendant.

McALLISTER, J. This is an appeal from an order allowing certain fees and expenses in a corporate receivership. The receiver appeals on the ground that the court improperly disallowed certain of his accounts; and the corporation appeals, claiming that the court should have disallowed the account in its entirety.

It appears that at the time of the appointment of Edwin J. Kunze as receiver of Kunze Realty Company, he agreed to serve without remuneration. The court, however, was of the opinion that the understanding was that Mr. Kunze was to perform ordinary duties of a receiver without remuneration, but that for extraordinary services he should be allowed the fair value thereof. Certain items of claimed expenditures by the receiver were disallowed by the court, on the ground that they were not sufficiently proved to have been made by the receiver; and it was intimated that the alleged creditors to whom such payments were made are nonexistent. However, the court did not permit his suspicions to affect the whole of the account and allowed all items which were fairly proved. In addi-

tion, there were allowed various items for extraordinary services which were proved to the satisfaction of the court to be properly chargeable to the receivership; but the court disallowed numerous other items on the ground that the charges for such services were highly exorbitant. Claim was made for $475 for legal services. It appears, however, that the receiver had not secured the authority of the court to engage legal counsel and had not proved the value of such services. With regard to this charge, however, the court made an allowance of $200, in view of the fact that the receiver's attorney had contributed valuable time and service in the closing of the estate and that the court had personal knowledge of the character and value of such services.

It would be of no avail to discuss the multitude of items in controversy. The question of whether such charges were proper and reasonable was within the discretion of the court passing upon the receiver's account. Whether the accounts for expenditures are padded, or truthful, is for the determination of the court. Like all questions of costs in courts of equity, allowances of this kind are largely discretionary, and the action of the court below is treated as presumptively correct, since it has far better means of knowing what is just and reasonable than an appellate court can have. 23 R. C. L. p. 138. We find no evidence to justify substituting our judgment on the controverted issues for that of the trial court.

Order affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.